UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL GREEN,

        Plaintiff,        Case No. 1:08-cv-51

v.        HON. JANET. NEFF

GAIL TUDOR et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants R. Cochran, M. Brevard, M. Singleton, Shirlee A. Harry and J. Armstrong. The Court will serve the complaint against Defendants Gail Tudor, Michael Barnett, Ron Almy and Delores Crosby.

**Discussion**

I.  Factual allegations

Plaintiff is currently incarcerated at Muskegon Correctional Facility (MCF). In his *pro se* amended complaint (docket # 8), Plaintiff sues the following MCF employees: Assistant Librarian Gail Tudor, School Principal Michael Barnett, Warden Shirlee A. Harry, Hearings Administrator J. Armstrong, Food Service Assistant Director Ron Almy, Grievance Coordinators R. Cochran and M. Brevard, Deputy Warden M. Singleton, and Administrative Assistant Delores Crosby.

Plaintiff asserts several constitutional claims regarding (1) his right to access the law library and (2) his right to freely practice his religion. First, Plaintiff argues that Defendant Tudor harassed him during his law library call-outs because he communicated with other prisoners in the law library. Defendant Tudor allegedly wrote false major misconducts against Plaintiff and "reject[ed] his law-library call-out request forms." (Compl. at 4.) Plaintiff alleges that Defendant Tudor's actions substantially interfered with his ability to prepare a habeas corpus brief. (*Id.*. at 4-5.)

On April 4, 2007, several people allegedly observed Defendant Tudor's harassment of Plaintiff. On that day, Plaintiff arrived at the law library call-out first. When Defendant Tudor unlocked the door to the law library and noticed Plaintiff standing in front of the line, ahead of several white inmates, she ordered Plaintiff to step away from the door. Plaintiff is African American. Defendant Tudor then allowed all of the other inmates to enter the law library. Since Defendant Tudor would not allow Plaintiff to enter the law library first, Plaintiff could not obtain certain popular legal materials. (*Id.* at 7.)

On or about May 5, 2007, Plaintiff filed a grievance against Defendant Tudor because he was not placed on a law library call-out. (*Id.* at 5.) Defendant Barnett rejected Plaintiff's grievance at Step I, noting that the delay in his call-out may have been due to a change in the law library's call-out procedure. Plaintiff found that Defendant Tudor's harassment increased after he filed his May 5 grievance. (*Id.* at 6.)

Plaintiff filed a second grievance against Defendant Tudor on June 6, 2007, "complaining of [her] racial behavior, inhumane/degrading treatment, and retaliation for exercising his Constitutional rights." (*Id.* at 7-8.) In accordance with Michigan Department of Corrections policy, Defendant Barnett interviewed Plaintiff regarding his allegations against Defendant Tudor. (*Id.* at 8.) Defendant Barnett, however, allegedly became irate with Plaintiff for filing another grievance against Defendant Tudor and stated that he did not believe Plaintiff's version of the events. (*Id.*) Defendant Barnett ultimately denied Plaintiff's Step I grievance. Plaintiff appealed the grievance to Steps II and III, which were denied by Defendants Harry and Armstrong, respectively. (*Id.* at 8-9.)

Plaintiff alleges that Defendant Tudor retaliated against him for filing grievances, violated his due process rights, and denied his right to access the courts, contrary to the First and Fourteenth Amendments. Plaintiff also asserts state-law claims of harassment and intentional infliction of emotional distress against Defendant Tudor. Finally, Plaintiff alleges that Defendants Barnett, Harry and Armstrong failed to thoroughly investigate his allegations against Defendant Tudor in violation of his Fourteenth Amendment rights. (*Id.* at 9.)

Second, Plaintiff asserts several constitutional violations regarding his right to freely practice religion during the Muslim holy month of Ramadan. On September 9, 2007, Plaintiff

learned that all Ramadan meals would only be served as "cold bag meals." (*Id.* at 11.) In previous years, MCF provided prisoners with at least one hot meal per day. (*Id.*) As a result, Plaintiff wrote to Defendant Crosby and complained of the lack of (a) hot meals, (b) notice after the change in policy, and (c) "daily calories." (*Id.*) On September 12, 2007, Plaintiff began fasting for the holy month of Ramadan. On September 16, 2007, Plaintiff alleges that he was deprived of various Ramadan food items without any notice or substitutions. (*Id.*) Plaintiff complained to the Food Service Supervisor, who in turn e-mailed her supervisor, Defendant Almy. (*Id.* at 11-12.) Plaintiff states that prisoners usually are notified when food items are substituted. In October 2007, Plaintiff filed two grievances, both of which were rejected by Defendants Cochran, Singleton and Brevard at various steps of the three-step grievance process. (*Id*. at 12.)

Plaintiff asserts that Defendants Almy and Crosby violated his First Amendment right to freely practice his religion, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment right to equal protection of the laws. The amended complaint also alleges a state-law claim of intentional infliction of emotional distress against Defendants Almy and Crosby. Finally, Plaintiff argues that Defendants Cochran, Singleton, Brevard, Crosby, Harry and Armstrong violated his First, Eighth and Fourteenth Amendment rights as well as failed to "properly investigate [] Plaintiff's concerns at their levels." (*Id.* at 13-14.)

Plaintiff requests declaratory and injunctive relief and compensatory and punitive damages. (*Id.* at 15-16.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants R. Cochran, M. Brevard, M. Singleton, Shirlee A. Harry and J. Armstrong, other than his claim that they failed to conduct an investigation in response to his grievances. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that R. Cochran, M. Brevard, M. Singleton, Shirlee A. Harry and J. Armstrong engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants R. Cochran, M. Brevard, M. Singleton, Shirlee A. Harry and J. Armstrong will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the amended complaint against Defendants Gail Tudor, Michael Barnett, Ron Almy and Delores Crosby.

        An Order consistent with this Opinion will be entered.


Dated:  March 25, 2008                     /s/ Janet T. Neff
                                            Janet T. Neff
                                            United States District Judge