UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| VIRGIL R. GREEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-51 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| GAIL TUDOR, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint asserts several constitutional claims regarding his right to access to the law library and his right to freely practice his religion, Islam. By opinion and order entered March 25, 2008, District Judge Janet T. Neff dismissed plaintiff's complaint against defendants Cochran, Brevard, Singleton, Harry, and Armstrong for failure to state a claim upon which relief can be granted. The court ordered service against the remaining four defendants. Thereafter, plaintiff moved to amend his complaint to supplement the allegations against defendant Singleton, who had been dismissed from the action. By order entered April 4, 2008, Judge Neff denied the motion to amend, finding that the proposed amendment, accepted as true, would fail to state a claim against Singleton.

Plaintiff has now deluged the court with five further filings: Motion to Supplement Civil Complaint (docket # 18); Supplemental Pleadings in Support of Motion (docket # 19); Plaintiff's Affidavit in Support of His Supplemental Pleadings (docket # 20); Motion for Temporary

Restraining Order (docket # 21); and Affidavit in Support of Plaintiff's Civil Action Complaints (docket # 22). Plaintiff's present submissions are confusing and contradictory, but the court will attempt to discern the meaning of each.

The first four submissions have nothing to do with the claims set forth in the original complaint, but seek to add an unrelated claim against defendant Ron Almy that arose on March 16, 2008, after the original complaint was filed. Plaintiff's motion to supplement civil complaint (docket # 18), his proposed supplemental pleading (docket # 19), and his motion for a temporary restraining order (docket # 21) and supporting affidavit (docket # 20) all attempt to assert an Eighth Amendment claim against Almy for denying a grievance in which plaintiff complained that he had not been provided appropriate safety glasses and adequate tools for peeling onions. Rule 15(d) of the Federal Rules of Civil Procedure authorizes the court to allow the filing of such a supplemental pleading, in its discretion. Amendment of the complaint against Almy to assert this claim would be futile, however, on two separate grounds. First, an Eighth Amendment claim requires an allegation of the defendant's deliberate indifference to an excessive risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the objective component of an Eighth Amendment claim, the conditions to which an inmate is exposed must amount to the "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Obviously, exposure to conditions common to everyday life does not amount to the infliction of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (condition must be so severe that "it is contrary to current standards of decency for *anyone* to be so exposed against his will.") (emphasis added). Workplace conditions that lead to eye irritation and blisters are common in free society and cannot support an Eighth Amendment claim. Allegations by prisoners arising from workplace injuries may

be sufficient to allege a state-law negligence claim, but not an Eighth Amendment claim for cruel and unusual punishment. *See Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *Arnold v. So. Carolina Dep't of Corr.*, 843 F. Supp. 110, 113-14 (D.S.C. 1994) ("[W]e think it would be a mistake to extend civil liability under the constitutional prescription against cruel and unusual punishment to improperly functioning kitchen equipment. To do so would give constitutional recognition to run-of-the-mill negligence actions.").

Furthermore, plaintiff's proposed supplemental complaint affirmatively discloses that this claim has not been exhausted, as required by 42 U.S.C. § 1997e(a). Plaintiff's attachments indicate that his alleged injuries, "blisters and blood clots on his fingers," occurred on March 16, 2008. Plaintiff attached a grievance form dated March 17, 2008, which is still working its way through the grievance process. Plaintiff's proposed supplemental pleading (¶ 16) affirmatively asserts that plaintiff is still in the process of exhausting this claim. The Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies as a prerequisite to bringing a civil rights action. Although failure to exhaust is now deemed to be an affirmative defense, *see Jones v. Bock*, 127 S. Ct. 910 (2007), the court may dismiss a claim for failure to exhaust *sua sponte* when the defect appears on the face of the complaint. *Id.* at 920-21. In the present case, no dismissal is necessary, as plaintiff's claim arising from his workplace injury is not yet before the court. But the patent failure to exhaust, apparent in the face of the proposed supplemental pleading, is a second and independent reason to deny leave to supplement or amend the complaint. A motion for leave to amend may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss. *See Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767

(6th Cir. 2005). For the reasons set forth above, amendment would be futile. Plaintiff's motion to supplement his complaint (docket # 18) will therefore be denied.

Plaintiff's motion for a temporary restraining order (docket # 21) involves the same March 16, 2008 incident in which plaintiff allegedly suffered a workplace injury because of improper safety precautions. For relief, plaintiff seeks a temporary restraining order against Almy prohibiting him from forcing plaintiff to use a plastic eating utensil to peel onions or from requiring plaintiff to peel onions without proper eye safety equipment. Because plaintiff's proposed supplemental complaint is not properly before the court, his motion for a temporary restraining order based on the claim alleged in that supplemental complaint is also not properly before the court and will be dismissed as moot. Furthermore, plaintiff cannot possibly show likelihood of success on the merits on this claim, which involves only allegations of negligence and not an Eighth Amendment violation.

Finally, plaintiff has submitted an affidavit in support of his "civil action complaints" (docket # 22). As the affidavit is merely factual in nature and seeks no relief, it requires no action by the court. When the court reaches the merits of plaintiff's case, this and all other properly filed affidavits will be considered.

Dated:  April 10, 2008            /s/  Joseph G. Scoville
                                  United States Magistrate Judge