UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| VIRGIL R. GREEN, # 189440, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-51 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| GAIL TUDOR, et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 16, 2008, his first amended complaint on February 1, 2008, and his second amended complaint on February 25, 2008. On March 25, 2008, the court entered an order (docket # 14) that dismissed with prejudice all the claims in plaintiff's second amended complaint against R. Cochran, M. Brevard, M. Singleton, Shirlee Harry, and J. Armstrong. The order further provided for service of plaintiff's second amended complaint on four defendants: Gail Tudor, Michael Barnett, Ron Almy, and Delores Crosby. (*Id.*).

Plaintiff moved to supplement his allegations against defendant Singleton. On April 4, 2008, Judge Neff denied the motion to amend, finding that the proposed amendment, accepted as true, would fail to state a claim against defendant Singleton. (docket # 17). Plaintiff filed a motion seeking leave to add a new and unrelated claim against defendant Ron Almy, claiming that Almy had violated plaintiff's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by failing to provide plaintiff with appropriate safety glasses and adequate tools for peeling onions.

The proposed amendment was denied as futile. Plaintiff expressly alleged that he had not exhausted his administrative remedies regarding this claim, and plaintiff's allegations fell far short of stating a viable Eighth Amendment claim. On April 10, 2008, the court entered an order denying plaintiff's motion. (docket # 24).

On April 14, 2008, summonses were issued for defendants Tudor, Barnett, Almy, and Crosby, and the summonses were delivered to the United States Marshal's Office for service. On May 15, 2008, before any defendant had been served, plaintiff filed a motion for leave to file a third amended complaint. (docket # 34). Plaintiff seeks leave to amend for the following reasons:

| | | |
|---|---|---|
| a) | | To correct error in his second amended complaint which had incorrectly alleged that an incident had occurred on April 4, 2007, rather than June 4, 2007; |
| b) | | To withdraw plaintiff's Eighth Amendment claims; |
| c) | | To withdraw claims against defendants in their official capacities; |
| d) | | To allege additional facts in support of plaintiff's equal protection claim; and |
| e) | | To include "an additional Federal claim of action." |

(docket # 34, ¶ 3). On June 9, 2008, counsel filed an appearance on behalf of defendants Barnett, Almy, and Crosby (docket # 39), and a motion for enlargement of time in which to file a responsive pleading (docket # 40). The summons for defendant Gail Tudor was returned unexecuted. (docket # 38).

During the few months of this lawsuit's existence, plaintiff has deluged the court with numerous motions to amend and supplement his complaint. As a matter of case management and to prevent further abuses, the court will not entertain any motions by plaintiff to amend or supplement his complaint filed after today's date. With regard to plaintiff's pending motion for

leave to file a third amended complaint, Rule 15(a)(2) provides that leave to amend shall be freely given when justice so requires. Defendants have not opposed plaintiff's motion. Plaintiff is expressly abandoning all his claims against defendants in their official capacities and all claims against defendants asserting violation of plaintiff's Eighth Amendment rights. Defendants are not prejudiced by a court order granting plaintiff leave to file his proposed third amended complaint. (docket # 36).

### Conclusion

For the reasons set forth herein, plaintiff's motion for leave to file a third amended complaint will be granted, and plaintiff's proposed third amended complaint will be deemed filed *instanter*. No further amendments of the complaint will be permitted. The court will direct the Clerk to arrange for service of the third amended complaint on defendant Gail Tudor. The motion by defendants Barnett, Crosby, and Almy for enlargement of time within which to file a responsive pleading will be granted, and defendants will be directed to file their response to plaintiff's third amended complaint on or before August 6, 2008.


Dated: June 16, 2008          /s/  Joseph G. Scoville
                              United States Magistrate Judge