UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL GREEN, #189440,
a/k/a Mu'eem Rashad,

    Plaintiff,

v

GAIL TUDOR, et al.,

    Defendants.
_____/

Case No. 1:08-cv-51

HON. JANET T. NEFF

## OPINION AND ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983 concerning (1) his access to the prison law library and (2) the adequacy of the prison food service. The four remaining defendants filed two motions for summary judgment (Dkts 49 & 75). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant defendants' motions (Dkt 88 at 37). The matter is presently before the Court on plaintiff's objections (Dkt 89) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Plaintiff's objections do not reveal any error by the Magistrate Judge in his factual or legal analysis. The Court therefore denies the objections and issues this Opinion and Order.

Plaintiff argues that some of the Magistrate Judge's proposed factual findings are erroneous or "misplaced" (Dkt 89 at 1-4). Plaintiff similarly objects to some of the Magistrate Judge's legal conclusions as being dependent on a misreading of the facts (*Id.* at 4-7). Plaintiff's arguments are

without merit. Plaintiff merely indicates his disagreement with the Magistrate Judge's factual findings but does not reveal any error. Moreover, plaintiff's objections reveal his misunderstanding of the summary judgment standard. In analyzing defendants' motion for summary judgment, the Magistrate Judge was under no duty to accept plaintiff's "story" as true. Rather, the Magistrate Judge was required to view the evidence in the light most favorable to plaintiff. *See generally Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251-52 (1986).

Plaintiff also attempts to point out an alleged legal error by the Magistrate Judge, asserting that the food service policy created a constitutionally protected liberty interest (Dkt 89 at 6). However, any alleged inadequacy in defendants' food service policy or its implementation does not rise to the level of a constitutional violation because the policy does not create a protectible liberty interest. *See Laney v. Farley,* 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland,* 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem,* 953 F.2d 232, 240 (6th Cir. 1992).

Plaintiff also attempts to make the substantive point that the Magistrate Judge asserted defenses that defendants Almy and Crosby did not themselves raise (Dkt 89 at 7). Plaintiff's assertion is inaccurate. Defendants' motion asserts these defenses in response to plaintiff's constitutional and statutory claims (Dkt 50 at 4-6).

Neither do plaintiff's general objections to the Magistrate Judge's qualified immunity analysis reveal any error. The Magistrate Judge properly concluded that Plaintiff's constitutional and statutory rights had not been violated, meaning Defendants were entitled to qualified immunity (Dkt 88 at 32, 36). Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 199 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996).

Plaintiff lastly objects to the recommendation that this Court decline to exercise supplemental jurisdiction over his purported state-law claims (Dkt 89 at 9). However, Plaintiff makes only the one-sentence objection, with no supporting argument.

For the reasons expressed and because this action was filed *in forma pauperis*, this Court adopts the Magistrate Judge's Report and Recommendation as the opinion of this Court. This Court will also certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 89) are DENIED and the Report and Recommendation (Dkt 88) is APPROVED and ADOPTED as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Rule 56(b) Motion for Summary Judgment (Dkt 49) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Rule 56(b) Motion for Summary Judgment (Dkt 75) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Dated: January 29, 2010         /s/Janet T. Neff
                                JANET T. NEFF
                                UNITED STATES DISTRICT JUDGE